Petition for Writ of Mandamus Dismissed
and Memorandum Opinion filed May 20, 2010.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-10-00403-CR

____________

 

IN RE CHARLES LEE GRABLE, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

            Relator, Charles Lee Grable, an inmate in the Texas Department of
Criminal Justice who is proceeding pro se, filed a petition for writ of
mandamus in this court.  See Tex. Gov’t Code Ann. § 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In his petition, Grable asks that
this court compel the respondent, the Honorable Mary Lou Keel, presiding judge
of the 232nd District Court in Harris County, to amend the judgment entered in
his felony conviction so that a “complete” judgment is rendered.  

In 1998, Grable entered a guilty plea to indecency with a
child.  The plea document signed by Grable on January 15, 1998, reflects that
there was no agreed recommendation on punishment and that a pre-sentence
investigation would be conducted.  On April 3, 1998, the trial court deferred
an adjudication of guilt and placed Grable on probation for five years.  Later
that year, Grable’s guilt was adjudicated and punishment was assessed at
confinement for sixteen years in the Institutional Division of the Texas
Department of Criminal Justice.  See Grable v. State, No.
14-02-00335-CR, 2002 WL 1000398 (Tex. App.—Houston [14th Dist.] May 16, 2002,
no pet.) (not designated for publication) (dismissing appeal for want of
jurisdiction because notice of appeal was not filed until more than three years
after adjudication of guilt).  

Grable claims that he entered into a negotiated plea
agreement, the terms of which were not disclosed to the trial court and not
reflected in the judgment.  He claims that he agreed to plead guilty in
exchange for the prosecutor’s agreement not to file additional charges against him
and his wife.  He
asserts that the trial court was required by statute to include the terms of
any plea bargain in the judgment.[1]  See Tex. Code Crim. Proc. Ann. art.
42.01 §1 (Vernon 2006).  He also complains that the trial court did not comply
with the admonishments concerning plea bargain agreements that are required by
statute when the court accepts a guilty plea.  See Tex. Code Crim. Proc.
Ann. art. 26.13(a)(2) (Vernon Supp. 2009).  Grable concludes that his judgment
is not complete and asks this court to order respondent to enter a complete
judgment.

In a criminal case, mandamus relief is authorized only if the
relator establishes that (1) under the facts and the law, the act sought to be
compelled is purely ministerial; and (2) he has no other adequate legal remedy.
 State ex rel. Rosenthal v. Poe, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003)
(orig. proceeding).  An act is ministerial if the law dictates the duty to be
performed with such certainty that nothing is left to the exercise of
discretion.  State ex rel. Healy v. McMeans, 884 S.W.2d 772, 774 (Tex. Crim.
App. 1994) (orig. proceeding).  

Although Grable phrases his request for relief as seeking
to enforce the performance of a ministerial duty, the substance of his petition
constitutes a collateral attack on his final felony conviction and is not an
appropriate basis for mandamus relief.  Such an attack falls within the scope
of a post-conviction writ of habeas corpus under article 11.07 of the Texas
Code of Criminal Procedure.  See Tex.Code Crim. Proc. Ann. art. 11.07 §
3 (Vernon Supp. 2009).  Article 11.07 provides the exclusive means to challenge
a final felony conviction.  Board of Pardons & Paroles ex rel. Keene v.
Court of Appeals for Eighth Dist., 910 S.W.2d 481, 483 (Tex. Crim. App.
1995).  While the courts of appeals have mandamus jurisdiction in criminal
matters, only the Texas Court of Criminal Appeals has jurisdiction over matters
related to final post-conviction felony proceedings.  Ater v. Eighth Court
of Appeals, 802 S.W.2d 241, 243 (Tex. 1991).  This court has no authority
to issue a writ of mandamus to compel a district court judge to rule on matters
seeking post-conviction relief in felony convictions in which the judgment is
final.  See In re McAfee, 53 S.W .3d 715, 718 (Tex. App.—Houston [1st
Dist.] 2001, orig. proceeding); see also In re Briscoe, 230
S.W.3d 196, 197 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding)
(stating that because court of appeals lacked jurisdiction, petition seeking
mandamus relief from the Court of Criminal Appeals may be filed to complain
about convicting court’s inaction in proceedings after final felony conviction).
 

Accordingly, we dismiss Grable’s petition for lack of
jurisdiction.

 

                                                                        PER
CURIAM

 

Panel
consists of Justices Anderson, Frost and Seymore.

Do No Publish
— Tex. R. App. P. 47.2.









[1]  While relator’s plea may have been the result of
negotiations with the State, because the punishment was not agreed, it was not
considered a plea bargain, which is defined as “a case in which a defendant’s
plea was guilty or nolo contendere and the punishment did not exceed the
punishment recommended by the prosecutor and agreed to by the defendant.”  Tex.
R. App. P. 25.2(a)(2).