**Opinion issued August 23, 2012.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-12-00552-CR**

———————————

**DANNY RAY SMITH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 344th District Court**
**Chambers County, Texas**
**Trial Court Cause No. 14282**

---

## MEMORANDUM OPINION

Appellant, Danny Ray Smith, proceeding pro se, attempts to appeal from an order signed by the trial judge denying his "2nd MOTION FOR 344th DISTRICT COURT TO TAKE JUDICIAL NOTICE." We dismiss the appeal.

Appellant was convicted of felony theft and was found to be a habitual offender.[1] The judgment and sentence of confinement for twenty-five years were entered on April 2, 2008. Appellant did not appeal from the judgment.

On May 21, 2012, appellant filed a "2nd MOTION FOR 344th DISTRICT COURT TO TAKE JUDICIAL NOTICE," requesting that the trial court take judicial notice of the "Adjudicative Facts that Petitioner's conviction is in violation of State Legislative and Federal Constitutional Laws and is illegal." The trial court denied the motion on May 22. Appellant appeals the denial of the motion.

Article 11.07 provides the exclusive means to challenge a final felony conviction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted); *see* TEX. CODE. CRIM. PROC. ANN. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. TEX. CODE.

---

[1] *See* TEX. PENAL CODE §§ 12.42(d) (West Supp. 2011), 31.03(e)(5) (West Supp. 2011).

2

CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. Crim. App. 1991); *see In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). To complain about an action or inaction of the trial court in a post-conviction felony proceeding, an appellant "may seek mandamus relief from the Court of Criminal Appeals." *Briscoe*, 230 S.W.3d at 196–97; *McAfee*, 53 S.W.3d at 717.

Here, appellant's felony conviction was final on April 2, 2008, and appellant is attempting to appeal from an order denying post-conviction relief. We have no jurisdiction over such an appeal. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater*, 802 at 243; *McAfee*, 53 S.W.3d at 717.

Accordingly, we **DISMISS** this appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Bland, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).