**Opinion issued October 4, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-12-00827-CR

———————————

**FRANKLIN CARL JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 977894**

## MEMORANDUM OPINION

Appellant, Franklin Carl Jones, was convicted of the felony offense of aggravated robbery. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). We affirmed the trial court's judgment in an unpublished opinion. *See Jones v. State*, No. 01-04-00236-CR, 2005 WL 497323 (Tex. App.—Houston [1st Dist.] March 3,

2005, no pet.) (not designated for publication). Our mandate issued on June 29, 2005. On July 2, 2012,[1] Jones appealed the trial court's May 17, 2012 order denying his "Motion for Imcompetency [sic] Hearing," in which Jones requested "that the Court set aside the Judgment [sic] of Conviction [sic] entered in this cause and ORDER A NEW TRIAL [sic] on the merits."

We lack jurisdiction over this attempted appeal. As an initial matter, we cannot exercise jurisdiction over an appeal unless a notice of appeal is filed in compliance with Texas Rule of Appellate Procedure 26. *See* TEX. R. APP. P. 26.2(a); *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Here, the only notice of appeal that appears in the record was filed-stamped on July 2, 2012—14 days after the deadline for filing a notice of appeal from the order denying Jones's motion. *See* TEX. R. APP. P. 4.1(a), 26.2(a). Because the notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 523.

Further, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the

---

[1] Jones's notice of appeal was dated June 27, 2012, postmarked June 28, 2012, and file-stamped July 2, 2012. *See* TEX. R. APP. P. 9.2(b); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). Jones included a cover letter with the notice, stating that he had previously filed a notice of appeal using "the wrong statutes" and was therefore filing a "second Notice of Appeal." The record, however, contains only the notice of appeal dated June 27, 2012.

Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2011); *Olivo*, 918 S.W.2d at 525 n.8; *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 901 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). Because Jones's conviction for the felony offense of aggravated robbery became final on June 29, 2005, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. TEX. R. APP. P. 47.2(b).