**Opinion issued December 13, 2012**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————

**NO. 01-12-01051-CR**

———————

**GERALD A. PERRY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 180th District Court**
**Harris County, Texas**
**Trial Court Cause No. 607922**

---

**MEMORANDUM OPINION**

Appellant, Gerald A. Perry, proceeding pro se, attempts to appeal from a September 13, 2012 order signed by the trial judge denying his request for mandamus relief. We dismiss the appeal.

Appellant's conviction for aggravated robbery was affirmed by this Court on February 24, 1994. On September 11, 2012, appellant filed a petition for writ of mandamus in the trial court seeking a copy of the records from the case "as evidence of his unlawful imprisonment." The trial court denied the petition on September 13, 2012. Appellant appeals the denial of the petition.

Article 11.07 provides the exclusive means to challenge a final felony conviction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Keene v. Court of Appeals for Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted); *see* TEX. CODE. CRIM. PROC. ANN. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. Crim. App. 1991); *see In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). To complain about an action or inaction of the trial court in a post-conviction felony proceeding, an appellant "may

2

seek mandamus relief from the Court of Criminal Appeals." *Briscoe*, 230 S.W.3d at 196–97; *McAfee*, 53 S.W.3d at 717.

Here, appellant's felony conviction was final in 1994, and appellant is attempting to appeal from an order denying post-conviction relief. We have no jurisdiction over such an appeal. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater*, 802 at 243; *McAfee*, 53 S.W.3d at 717.

Accordingly, we **DISMISS** this appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).