**Opinion issued May 9, 2013**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————

### NO. 01-13-00305-CR

———————

## JEFFREY MICHAEL MCDONALD, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 963695

## MEMORANDUM OPINION

Appellant, Jeffrey Michael McDonald, proceeding pro se, attempts to appeal the trial court's determination that his "Post-Conviction Motion for a New Trial" was not timely filed. We dismiss the appeal.

Pursuant to a plea bargain agreement with the State, appellant entered a plea of guilty and was convicted of the felony offense of aggravated sexual assault of a child. The judgment and sentence, 17 years confinement, were entered on February 24, 2004. The trial court certified that this was a plea bargain case, and appellant had no right of appeal.

More than nine years later, on March 6, 2013, appellant filed a "Post-Conviction Motion for a New Trial," asserting that there was new evidence showing that he had not committed the offense. The trial court made a hand-written notation on the motion "Not timely filed 3-6-13," and the district clerk sent appellant a notice that the trial court had determined that the motion was not timely filed. Appellant appeals the trial court's determination that the motion was not timely filed.

Article 11.07 provides the exclusive means to challenge a final felony conviction, including with claims of actual innocence based on newly discovered evidence. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 5 (West Supp. 2011) (providing that "[a]fter conviction, the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"); *Ex parte Brown*, 205 S.W.3d 538, 544 (Tex. Crim. App. 2006); *Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex.

Crim. App. 1995). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted); *see* TEX. CODE. CRIM. PROC. ANN. art. 11.07. Only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from a final felony conviction. TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater v. Eighth Court of Appeals*, 802 S. W.2d 241, 243 (Tex. Crim. App. 1991); *see In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). To complain about an action or inaction of the trial court in a post-conviction felony proceeding, an appellant "may seek mandamus relief from the Court of Criminal Appeals." *Briscoe*, 230 S.W.3d at 196–97; *McAfee*, 53 S.W.3d at 717.

Here, appellant's felony conviction was final on February 24, 2004, and appellant is attempting to appeal from the trial court's determination refusing post-conviction relief. We have no jurisdiction over such an appeal. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07; *Ater*, 802 at 243; *McAfee*, 53 S.W.3d at 717.

Accordingly, we **DISMISS** this appeal for want of jurisdiction. We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Brown, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).