**Opinion issued June 27, 2013**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-13-00246-CR
NO. 01-13-00247-CR
NO. 01-13-00248-CR
NO. 01-13-00249-CR

———————————

**RAUL ADAM TREVINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 683652; 9416330; 9425377; 9425398**

---

**MEMORANDUM OPINION**

Appellant, Raul Adam Trevino, proceeding pro se, filed a notice of appeal

seeking to challenge "any dismissal order enter [sic] by the Court of requested

relief(s) [sic] sought from this Court by properly filed motions mailed to this Court on 2/27, 2013, or thereafter." We dismiss the appeals.

On June 7, 1995, Trevino pleaded guilty and was convicted in trial court cause numbers 683652 and 9425377 of aggravated robbery and in trial court cause number 9425398 of unlawful possession of a firearm. He was sentenced to 30 years in prison in both causes 683652 and 9425377 and to ten years in prison in cause 9425398. That same day, he pleaded true to a motion to revoke his community supervision in cause number 9416330 and was sentenced to five years in prison for unauthorized use of a motor vehicle. All of the sentences were ordered to run concurrently. Trevino did not timely appeal from any of the convictions.

On February 27, 2013, Trevino mailed a "Motion for Relevant State Records & Other Evidence to Prove the Extent of his Claims," a "Motion to Proceed in Forma Pauperis," a "Motion for Reporter's Record of All Future Proceedings," and a "Declaration  of Indigency" to the trial court clerk. Each of the filings lists trial court cause numbers 683652, 9416330, 9425377, and 9425398 in the style. Later that same day, Trevino mailed a "Notice of Appeal & Request for Permission to Appeal any Order of the Court" to the trial court clerk, giving notice of appeal "from any dismissal order enter [sic] by the Court of requested relief(s) [sic]

sought from this Court by properly filed motions mailed to this Court on 2/27, 2013, or thereafter."

Although the record contains no order of the trial court related to any of Trevino's filings, the trial court executed a certification of appellant's right of appeal on March 12, 2013, indicating that this is a plea-bargain case and Trevino has no right of appeal.[1]

To the extent Trevino is attempting to appeal from the judgments of conviction in each of these cases, his notice of appeal was untimely. *See* TEX. R. APP. P. 26.2. The court of criminal appeals has expressly held that without a timely filed notice of appeal or motion for extension of time we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Therefore, to the extent Trevino attempts to appeal from the judgments against him, we have no jurisdiction over these appeals.

---

[1]     The trial court must execute a certification of appellant's right of appeal each time the trial court enters an appealable order. *See* TEX. R. APP. P. 25.2. No order of the trial court related to his notice of appeal or to the motions mailed on February 27, 2013 and filed on March 4, 2013 appears in the record. And, unless a written, signed order of the trial court appears in the record, we have no jurisdiction over the appeal. *See, e.g.*, *Broussard v. State*, 01-10-00458-CR, 2010 WL 4056861, *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (not designated for publication). We will not, however, abate this case for a determination of whether any orders of the trial court exist, because, as discussed below, Trevino's felony convictions are final and we have no jurisdiction over final post-conviction felony proceedings. *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Further, to the extent he attempts to appeal from any orders of the trial court related to the motions he mailed to the trial court clerk on February 27, 2013, these motions relate to final felony convictions, and only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, we dismiss the appeals for want of jurisdiction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 3; *Olivo*, 918 S.W.2d at 522. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Higley and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).