**Opinion issued October 15, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00668-CR**

**NO. 01-13-00669-CR**

————————————

**KEITH ANTHONY MARINE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court[1]**
**Harris County, Texas**
**Trial Court Case No. 1071617 & 1078980**

**MEMORANDUM OPINION**

---

[1]     Counsel for Appellant: Pro Se
        Counsel for Appellee: Alan Curry, District Attorney
        Trial court Judge: Hon. Jim Wallace

Appellant, Keith Anthony Marine, proceeding pro se, filed a notice of appeal in these two related cases, seeking to challenge a failure of the trial judge to rule on post-conviction discovery motions.

Following a joint trial on two separate indictments in 2007, a jury found appellant, Keith Anthony Marine, guilty of two aggravated sexual assaults of a minor. Because the trial court found appellant had previously been convicted of a sexual assault crime in another state, the court assessed a mandatory life sentence in each case, with the sentences to run concurrently. We affirmed the judgments in an unpublished opinion. *See Marine v. State*, Not Reported in S.W.3d, 2008 WL 1904051 (Tex.App.-Hous. (1 Dist.)).

To the extent Marine is attempting to appeal from the judgments of conviction in each of these cases, the appeal has already been adjudicated and the judgments are final. Further, his notice of appeal was untimely. *See* TEX. R. APP. P. 26.2. The court of criminal appeals has expressly held that without a timely filed notice of appeal or motion for extension of time we cannot exercise jurisdiction over an appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996); *see also Slaton*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998). Therefore, to the extent Trevino attempts to appeal from the judgments against him, we have no jurisdiction over these appeals.

Further, to the extent Marine attempts to appeal from any orders of the trial court related to the motions he mailed to the trial court clerk, these motions relate to final felony convictions, and only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

On May 2, 2013, appellant filed a motion to quash the indictments. Although the record contains no order on the motion, appellant filed a notice of appeal.[2]

---

[2] In his Notice of Appeal, appellant is complaining of a failure to rule on the motion. The trial court must execute a certification of appellant's right of appeal each time the trial court enters an appealable order. *See* TEX. R. APP. P. 25.2. No order of the trial court related to his notice of appeal or to the motion mailed and filed on May 2, 2013 appears in the record. And, unless a written, signed order of the trial court appears in the record, we have no jurisdiction over the appeal. *See, e.g.*, *Broussard v. State*, 01-10-00458-CR, 2010 WL 4056861, *2 (Tex. App.—Houston [1st Dist.] Oct. 14, 2010, no pet.) (not designated for publication). We will not, however, abate this case for a determination of whether any orders of the trial court exist, because, as discussed below, Trevino's felony convictions are final and we have no jurisdiction over final post-conviction felony proceedings. *See In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

We dismiss the appeals for want of jurisdiction. *See* TEX. CODE. CRIM. PROC. ANN. art. 11.07, § 3; *Olivo*, 918 S.W.2d at 522. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Sharp, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).