**Opinion issued March 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

NO. 01-14-01001-CR
NO. 01-14-01002-CR
NO. 01-14-01003-CR

———————————

**DENNIS JAMES POLEDORE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Case Nos. 05-DCR-42537B; 05-DCR-42538B; 05-DCR-42572B**

---

**MEMORANDUM OPINION**

On August 17, 2006, appellant Dennis James Poledore, Jr. was convicted by

a jury of three counts of aggravated assault with a deadly weapon and was

sentenced to sixty years' confinement in each case.[1] On direct appeal, this Court affirmed the trial court's judgment. *See Poledore v. State*, Nos. 01-06-00948-CR, 01-06-00998-CR, 01-06-00999-CR, 2008 WL 2466209, *1 (Tex. App.—Houston [1st Dist.] June 19, 2008, pet. ref'd). The Texas Court of Criminal Appeals denied Poledore's petition for discretionary review on November 5, 2008 and our mandate issued on December 23, 2008.

On August 5, 2009, the Texas Court of Criminal Appeals denied Poledore's initial post-conviction application for writ of habeas corpus. On May 22, 2013, the Texas Court of Criminal Appeals dismissed a subsequent application filed by Poledore. *See* TEX. CODE CRIM. PRO. ANN. art. 11.07, § 4(a)–(c) (West Supp. 2014) (after final disposition of initial application for writ of habeas corpus, courts may not consider merits or grant relief on subsequent application unless certain requirements are met).

Poledore filed another subsequent application for writ of habeas corpus on October 22, 2014. On November 12, 2014, the convicting court issued an order containing its findings of fact and conclusions of law and recommended that the Court of Criminal Appeals deny Poledore's subsequent application for writ of habeas corpus. On December 8, 2014, Poledore filed a notice of appeal of the trial court's order, stating that the trial court denied his (1) "Final Disposition

---

[1] *See* TEX. PENAL CODE ANN. § 22.02 (West 2011).

Determination Hearing Request," (2) "Motion Requesting an Evidentiary Hearing for a §4(a) Provision 'Final Disposition' Conducted for Applicant's Prior Writ Ground One 'Denied U.S., Fed., and Tex. Sixth Amendment Right to Counsel' Claim," and (3) "Second Subsequent Writ Applications Grounds One thru [sic] Three." On December 17, 2014, the Court of Criminal Appeals dismissed Poledore's subsequent application for writ of habeas corpus. *See id.*

Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted). "Should an applicant find it necessary to complain about an action or inaction of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re McAfee*, 53 S.W.3d at 718. Because Poledore's conviction became final on December 23, 2008 and Poledore has filed a writ of habeas corpus with the

Court of Criminal Appeals, this is a final post-conviction felony proceeding, and we have no jurisdiction over these appeals. *See Medina v. State*, No. 01-14-00117-CR, 2014 WL 1494304, at *1 (Tex. App.—Houston [1st Dist.] Apr. 15, 2014, no pet.).

Moreover, the Court of Criminal Appels has dismissed the application for writ of habeas corpus that is the subject of this appeal. To the extent that Poledore seeks to appeal the Court of Criminal Appeals' dismissal of his application, we do not have authority to review the Court of Criminal Appeals' rulings. *See* TEX. CONST. ANN. art. V, § 5(a) (West 2007) (unless provided otherwise, Court of Criminal Appeals has final appellate jurisdiction in criminal cases).

Accordingly, we dismiss the appeals. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).