**Opinion issued April 7, 2015**



In The

# Court of Appeals

For The

## First District of Texas

————————————

## NO. 01-15-00242-CR

————————————

## IN RE PAUL STURGEON, Relator

———————————————————————————————————

### Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————————

## MEMORANDUM OPINION

Relator, Paul Sturgeon, has filed a petition for writ of mandamus, seeking an

order directing respondent to make appropriate findings of fact and conclusions of

law concerning a pending habeas corpus application.[1]

---

[1]     Relator's petition identifies the underlying case as Cause No. 1280723-A, in the
        248th District Court of Harris County, Texas, the Honorable Katherine Cabiness
        presiding.

Because relator asserts that he has filed an article 11.07 application for writ of habeas corpus in the trial court, his mandamus petition relates to a pending post-conviction habeas corpus application involving a final felony conviction. This Court does not have jurisdiction to grant relator's requested relief. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Accordingly, any complaints about inaction on matters relating to relator's post-conviction application for a writ of habeas corpus must be brought in the Court of Criminal Appeals. *See In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings"). We have no authority to issue writs of mandamus in criminal law matters relating to final post-conviction felony proceedings. *See In re Briscoe*, 230 S.W.3d at 196.

Accordingly, we dismiss the petition for writ of mandamus for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).

3