**Opinion issued May 12, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-15-00295-CR

————————————

## IN RE THOMAS WAYNE FLORENCE, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Thomas Wayne Florence, proceeding *pro se* and incarcerated, has filed a petition for writ of mandamus seeking to compel the respondent trial court to dismiss his criminal indictment or requesting that we transfer the underlying criminal proceeding to a different trial court for dismissal.[1] Relator has filed an affidavit in support of his petition and two subsequent motions for leave to file

---

[1] The underlying case is *State of Texas v. Thomas Wayne Florence*, Cause No. 10CR1217, in the 56th District Court of Galveston County, Texas, the Honorable Lonnie Cox presiding, who is listed as respondent.

further evidence in support. Relator's affidavit certifies that all the facts in his petition were true and supported by the records in trial court cause number 10CR1217 (his underlying criminal proceeding) as well as five other trial court cause numbers 10CR1217-83-1, 10CR1217-83-2, 10CR1217-83-3, 10CR1217-83-4, and 10CR1217-83-5 (which correspond to his Article 11.07 felony habeas applications), and another Article 11.07 application filed in Bexar County. Relator's motion for leave to file evidence in support of his petition, filed on April 8, 2015, requests that we compel the trial court clerk, whom he listed as another respondent, to transmit his Article 11.07 felony habeas application, filed in 2010 under trial court cause number 10CR1217-83-1, to the Texas Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). Relator further submitted, on April 13, 2015, a motion for leave to file case law in support of his petition that he claims the respondent trial court overlooked in his prior habeas applications, which were filed under trial court cause numbers 10CR1217-83-3 and 10CR1217-83-4. We dismiss the petition for want of jurisdiction.

In 2013, we affirmed relator's felony conviction for sexual assault of a child for which he was sentenced to seventy years' confinement. *See Florence v. State*, No. 01-11-00822-CR, 2013 WL 3957696, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2013, no pet.) (mem. op., not designated for publication). The Texas Court of Criminal Appeals denied relator's motion for an extension of time to file a

petition for discretionary review.  After our mandate issued on March 14, 2014, the trial court's judgment of conviction became final.

We have no jurisdiction to order a trial judge to dismiss a criminal indictment in a final post-conviction felony proceeding, as here, because it is governed by Article 11.07 of the Texas Code of Criminal Procedure.  *See In re McAfee*, 53 S.W.3d 715, 718 Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (stating that, "[a]fter final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."), § 5 (stating that, "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").  "Article 11.07 contains no role for the courts of appeals.  To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals."  *In re Briscoe*, 230 S.W.3d 196, 196—97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).  Thus, we lack jurisdiction to issue relator's requested writ of mandamus because the petition involves a final post-conviction felony proceeding.

To the extent that relator alternatively seeks mandamus relief in his motion directed at the respondent trial court clerk, we also lack jurisdiction. We cannot issue a writ of mandamus against a trial court clerk because the requested writ is neither against a judge nor necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2014).

Accordingly, we **dismiss** the petition for writ of mandamus for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a), (d). We **dismiss** all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Bland, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).