**Opinion issued October 29, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00654-CR

———————————

## IN RE ROBERT K. BOULDS, Relator

———————————

## Original Proceeding on Petition for Writ of Mandamus

———————————

### MEMORANDUM OPINION

Relator, Robert K. Boulds, incarcerated and proceeding *pro se*, has filed a petition for a writ of mandamus, seeking an order directing respondent to perform his "ministerial duties" relating to relator's application for a writ of habeas corpus.[1] We dismiss relator's petition for a writ of mandamus.

---

[1] Relator's petition identifies the underlying case as Cause No. 996316, *The State of Texas v. Robert K. Boulds*, in the 176th District Court of Harris County, Texas, the Honorable Stacey W. Bond presiding.

Because relator's petition reflects that he has filed an article 11.07 application for writ of habeas corpus in the trial court, his mandamus petition relates to a pending post-conviction habeas corpus application involving a final felony conviction. This Court does not have jurisdiction to grant relator's requested relief. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Padieu v. Ct. App. of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Accordingly, any complaints about inaction on matters relating to relator's post-conviction application for a writ of habeas corpus must be brought in the Texas Court of Criminal Appeals. *See In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings"). We have no authority to issue writs of mandamus in criminal law matters relating to final post-conviction felony proceedings. *See In re McAfee*, 53 S.W.3d at 718.

Accordingly, we dismiss relator's application for a writ of mandamus for want of jurisdiction and dismiss the motion for leave to file as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).