**Opinion issued December 3, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00639-CV

———————————

**CLINTON DONALD JOHNS, Appellant**

**V.**

**WILLIAM STEPHENS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION, Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-17750**

---

## MEMORANDUM OPINION

Appellant, Clinton Donald Johns, proceeding *pro se* and incarcerated, attempts to appeal from a trial court's order, signed on July 1, 2015, granting the appellee's motion to dismiss, pursuant to Texas Rule of Civil Procedure 91a,

appellant's civil petition for a writ of habeas corpus.[1]  We dismiss the appeal for want of jurisdiction.

On direct appeal, this Court affirmed appellant's convictions for four counts of felony aggravated robbery in 1998, and the Court of Criminal Appeals refused his petition for review.  *See Johns v. State*, Nos. 01–96–01419–CR, 01–96–01420–CR, 01–96–01421–CR, and 01–96–01422–CR, 1998 WL 195950, at *5 (Tex. App.—Houston [1st Dist.] Apr. 16, 1998, pet. ref'd) (not designated for publication).  After our mandate issued on November 6, 1998, the trial court's judgments of conviction became final.

Appellant contended in his underlying petition for writ of habeas corpus that his request for habeas relief is not limited to Article 11.07 of the Code of Criminal Procedure.  However, because the habeas relief he seeks involves a final post–conviction felony proceeding, the petition is governed by Article 11.07.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *Padieu v. Ct. App. of Tex. Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (stating that, "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").  "Article 11.07 contains no

---

[1] On August 1, 2015, we dismissed for want of jurisdiction appellant's related *pro se* mandamus petition challenging this same trial court order.  *See In re Johns*, No. 01–15–00662–CV, 2015 WL 5025229, at *1 (Tex. App.—Houston [1st Dist.] Aug. 25, 2015, orig. proceeding) (mem. op.).

role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *see also In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (noting that "only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings."). Thus, we lack jurisdiction to consider this appeal because it involves a final post-conviction felony proceeding governed by Article 11.07 which only the Court of Criminal Appeals can consider.

On November 10, 2015, the Clerk of this Court notified appellant that he needed to file a response showing grounds for this Court's jurisdiction over this appeal within ten days of that notice, or else the appeal would be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). Appellant timely filed a response, but it is inadequate to show that this Court has jurisdiction over his petition.

## CONCLUSION

Accordingly, we **dismiss** the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

## PER CURIAM

Panel consists of Justices Higley, Huddle, and Lloyd.

3