In re Herbert Lee BRISCOE, Relator.

No. 14–06–00122–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Feb. 15, 2006.

---

Herbert Lee Briscoe, Lovelady, pro se.

Panel consists of Justices HUDSON, FOWLER, and SEYMORE.

## OPINION

PER CURIAM.

On February 10, 2006, Relator, Herbert Lee Briscoe, filed a petition for writ of mandamus in this Court. *See* TEX. GOV'T CODE ANN § 22.221 (Vernon 2004); *see also* TEX.R.APP. P. 52.1. The petition arises from relator's application for writ of habeas corpus filed in the trial court in which his conviction was obtained. *See* TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005). Relator asks this court to grant "this application" and "proper access in filing a subsequent application in this case."

We do not have jurisdiction over relator's request. Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2005); *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim.App.1995). Article 11.07 contains no role for the courts of appeals. To complain about any action, or inaction, of the

---

convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See* TEX. CONST. art. V, § 5. We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under TEX.CODE CRIM. PROC. ANN. art. 11.07. *See In re McAfee,* 53 S.W.3d 715, 718 (Tex.App.-Houston [1st Dist.] 2001, orig. proceeding).

Accordingly, the petition for writ of mandamus is ordered dismissed.