Opinion issued May
3, 2012.

 



 

 

 

 

 

 

In
The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-12-00141-CR

NO. 01-12-00142-CR

____________

 








TAMINA DENISE HAMID, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 434th
District Court

Fort Bend County, Texas

Trial Court Cause Nos. 06-DCR-044560 & 06-DCR-044650

 

 



MEMORANDUM
OPINION








          Appellant,
Tamina Denise Hamid, proceeding pro se, filed a notice of appeal seeking to
challenge an order signed by the Honorable Olen Underwood denying her motion to
recuse the Honorable James H. Shoemake from participating in the resolution of
two applications for writs of habeas corpus filed in the 434th District Court
of Fort Bend County, pursuant to article 11.07, section 3(b) of the Texas Code
of Criminal Procedure.  On March 20,
2012, the State filed motions to dismiss in both cause number 01-12-00141-CR
and cause number 01-12-00142-CR.  Appellant
did not respond to the State’s motions.  We
grant the motions and dismiss the appeals.

          Appellant
was convicted in trial court cause number 06-DCR-44560 of aggravated robbery
and in trial court cause number 06-DCR-44650 of attempted capital murder, and
she was sentenced to life imprisonment. 
On October 1, 2009, we affirmed her convictions in cause numbers
01-08-00710-CR and 01-08-00711-CR.  See Hamid v. State, Nos. 01-08-00710-CR,
01-08-00711-CR, 2009 WL 3152157 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009,
pet. ref’d) (not designated for publication). 
Our mandates for the two causes issued on July 12, 2010.  

On November 3, 2011, appellant filed
motions to recuse the Honorable James Shoemake from any further participation
in either of the trial court cause numbers, including participation in the
resolution of the applications for writs of habeas corpus that she later filed on
November 30, 2011.  The trial court
referred the motions to the presiding judge for the administrative region, who
denied the motions for recusal.  Appellant
appeals the denial of her motions.

          Only
the Texas Court of Criminal Appeals has jurisdiction in final post-conviction
felony proceedings.  See In re McAfee, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.]
2001, orig. proceeding).  “Courts of
appeals have no jurisdiction over post-conviction writs of habeas corpus in
felony cases.  Article 11.07 contains no
role for the courts of appeals.”  In re Briscoe, 230 S.W.3d 196, 196 (Tex.
App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted); see Tex.
Code. Crim. Proc. Ann. art. 11.07 (West Supp. 2011).  To complain about an action or inaction of
the trial court in a post-conviction felony proceeding, appellant “may seek
mandamus relief from the Court of Criminal Appeals.”  Briscoe,
230 S.W.3d at 196–97; McAfee, 53
S.W.3d at 717.  Therefore, “a trial
court’s ruling on a motion to recuse stemming from an 11.07 application for
writ of habeas corpus is not reviewable by direct appeal to courts of
appeals.”  Ex parte Banister, No. 07-09-0128-CR, 2009 WL 1978222, *1 (Tex.
App.—Amarillo July 7, 2009, no pet.) (not designated for publication); see also In re Fierro, No.
03-12-00018-CV, 2012 WL 414020, *1 (Tex. App.—San Antonio Feb. 9, 2012, orig.
proceeding) (holding that appellate courts have no jurisdiction over complaints
about trial court’s failure to address recusal motion filed in connection with
post-conviction habeas proceeding); In re
Golden, No. 12-11-00181-CR, 2011 WL 3329867, *1 (Tex. App.—Tyler July 13,
2011, orig. proceeding) (not designated for publication) (same).

          Here,
appellant’s felony convictions are final, and appellant is attempting to appeal
from an order denying recusal in post-conviction proceedings.  We have no jurisdiction over such an
appeal.  See Banister, 2009 WL 1978222, at *1; see also Tex. Code. Crim.
Proc. Ann. art. 11.07, § 3; McAfee,
53 S.W.3d at 717.

Accordingly, we GRANT the State’s motions and DISMISS
these appeals for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  We dismiss
all pending motions as moot.

PER CURIAM

Panel consists of Justices Jennings, Massengale, and Huddle.

 

Do not publish. 
Tex. R. App. P. 47.2(b).