**Opinion issued February 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-13-01084-CR

———————————

**RAMIRO MARTINEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 1256679**

## MEMORANDUM OPINION

Appellant, Ramiro Martinez, was convicted of the felony offense of capital murder. *See* TEX. PENAL CODE ANN. § 19.03 (West Supp. 2013). We affirmed the trial court's judgment in an unpublished opinion. *See Martinez v. State*, No. 01-11-00902-CR, 2013 WL 772949 (Tex. App.—Houston [1st Dist.] Feb. 28, 2013, pet.

ref'd) (mem. op., not designated for publication). Our mandate issued on August 5, 2013. On December 13, 2013, Martinez appealed the trial court's November 11, 2013 orders denying appellant's "Motion to Arrest of Judgment" and dismissing appellant's "Motion to Set Aside Indictment," "'Motion to Quashing [sic] Indictment in Felony,'" and "'Motion for New Trial'" as moot or untimely.[1] We dismiss the appeal.

We lack jurisdiction over this attempted appeal. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.— Houston [14th Dist.] 2006, orig. proceeding) (internal citations omitted); *see also Howell v. State*, No. 07-11-00103-CR, 2011 WL 1878643, at *1 (Tex. App.— Amarillo May 17, 2011, no pet.) (mem. op., not designated for publication) ("There is no role for the courts of appeals in the procedure under article 11.07.").

---

[1]    Martinez's notice of appeal was dated December 9, 2013, postmarked December 11, 2013, and file-stamped December 13, 2013. Under the prison mailbox rule, appellant's notice of appeal is timely. *See* TEX. R. APP. P. 9.2(b); *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).

2

Because Martinez's conviction for the felony offense of capital murder became final on August 5, 2013, we have no jurisdiction over this appeal.

Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish. TEX. R. APP. P. 47.2(b).