**Opinion issued January 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-14-01012-CR**

**NO. 01-14-01013-CR**

———————————

**IN RE MIKE MENDOZA, JR., Relator**

---

**Original Proceedings on Petitions for Writ of Mandamus**

---

**MEMORANDUM OPINION**

Relator, Mike Mendoza, Jr., has filed two *pro se* petitions for a writ of mandamus, both related to his underlying felony habeas application.[1] Because

---

[1] The underlying case is *Ex Parte Mike Mendoza, Jr.*, Cause No. 952290-B, in the 262nd Judicial District Court of Harris County, Texas, the Honorable Denise Bradley presiding, whom relator lists as the respondent in both petitions. In 2004, we affirmed appellant's murder conviction. *See Mendoza, Jr. v. The State of Texas*, No. 01-03-00783-CR, 2004 WL

neither petition contains certificates of service indicating that they were served on the respondent trial court, they are subject to dismissal. *See In re Davis*, No. 01-02-00822-CV, 2002 WL 1934969, at *1 (Tex. App.—Houston [1st Dist.] Aug. 22, 2002, orig. proceeding) (mem. op.) (denying a petition under TEX. R. APP. P. 9.5).

In any event, we deny the first petition, filed under appellate cause number 01-14-01012-CR. Relator seeks to compel the respondent trial court to rule on his pending motion for forensic DNA testing, filed in May 2013 under Chapter 64 of the Texas Code of Criminal Procedure. Because neither relator's underlying habeas application nor his criminal case is currently pending, the trial court had neither a duty nor jurisdiction to rule on the free-floating motion. *See In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.) ("In general, however, [the trial court] does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case.")

Moreover, we dismiss relator's second mandamus petition, under appellate cause number 01-14-01013-CR, for want of jurisdiction. Relator seeks to compel the respondent trial court to rule on his application for a post-conviction writ of habeas corpus, filed in 2009 under Texas Code of Criminal Procedure Article

2538280, at *6 (Tex. App.—Houston [1st Dist.] Nov. 10, 2004, no pet.) (mem. op., not designated for publication).

11.07. However, because relator's underlying habeas application involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013). "Article 11.07 contains no role for the courts of appeals. To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we lack jurisdiction to issue the requested writ of mandamus for relator's article 11.07 proceeding.

To the extent relator also seeks, in his second petition, to compel the Harris County district attorney to respond to his habeas application, we previously dismissed relator's prior mandamus petition seeking identical relief on December 4, 2014, for want of jurisdiction. *See In re Mendoza, Jr.*, No. 01-14-00947-CR, 2014 WL 6853686, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2014, no pet.) (citing TEX. GOV'T CODE ANN. §§ 22.221(a), (b) (West 2004)).

Accordingly, relator's first petition for a writ of mandamus, under appellate cause number 01-14-01012-CR, is **denied**. *See* TEX. R. APP. P. 52.8(a). Also, relator's second petition for a writ of mandamus, under appellate cause number 01-14-01013-CR, is **dismissed** for want of jurisdiction. *See id.*

3

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish.  TEX. R. APP. P. 47.2(b).