**Opinion issued April 21, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-01013-CR

———————————

## IN RE MIKE MENDOZA, JR., Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Mike Mendoza, Jr., proceeding *pro se* and incarcerated, had filed a petition for a writ of mandamus seeking to compel the respondent trial court to rule on his application for a post-conviction writ of habeas corpus, filed in 2009 under Texas Code of Criminal Procedure Article 11.07.[1]  Our memorandum opinion,

---

[1]    The underlying trial court cause is *Ex parte Mike Mendoza, Jr.*, Cause No. 952290-B, in the 262nd Judicial District Court of Harris County, Texas, the Honorable Denise Bradley presiding.  In 2004, we affirmed Mendoza's murder conviction.  *See Mendoza, Jr. v. The State of Texas*, No. 01-03-

issued on January 27, 2015, dismissed Mendoza's petition for want of jurisdiction. *See In re Mike Mendoza, Jr.*, Nos. 01-14-01012-CR, 01-14-01013-CR, 2015 WL 448146, at \*2 (Tex. App.—Houston [1st Dist.] Jan. 27, 2015, orig. proceeding) (mem. op., not designated for publication). We *sua sponte* withdraw our January 27, 2015 memorandum opinion and issue the following memorandum opinion for cause number 01-14-01013-CR.[2]

Mendoza seeks to compel the respondent trial court to rule on his application for a post-conviction writ of habeas corpus, filed in 2010 under Texas Code of Criminal Procedure Article 11.07. However, because Mendoza's underlying habeas application involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014). "Article 11.07 contains no role for the courts of appeals. To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of

---

00783-CR, 2004 WL 2538280, at \*6 (Tex. App.—Houston [1st Dist.] Nov. 10, 2004, no pet.) (mem. op., not designated for publication).

[2] Mendoza filed a motion for en banc reconsideration of our January 27, 2015 memorandum opinion only with respect to his related mandamus petition assigned to cause number 01-14-01012-CR. *See* TEX. R. APP. P. 49.7. Although we had issued one memorandum opinion because both this petition and Mendoza's related petition, assigned to cause number 01-14-01012-CR, arose from the same trial court cause number 952290-B — Mendoza's felony habeas application — and named Judge Bradley as the respondent, we are issuing a separate opinion for cause number 01-14-01012-CR.

Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we lack jurisdiction to issue the requested writ of mandamus for Mendoza's article 11.07 proceeding.

To the extent Mendoza also seeks to compel the Harris County district attorney to respond to his habeas application, we previously dismissed his prior mandamus petition seeking identical relief on December 4, 2014, for want of jurisdiction. *See In re Mendoza, Jr.*, No. 01-14-00947-CR, 2014 WL 6853686, at *1 (Tex. App.—Houston [1st Dist.] Dec. 4, 2014, orig. proceeding) (citing TEX. GOV'T CODE ANN. §§ 22.221(a), (b) (West 2004)) (mem. op., not designated for publication).

Accordingly, Mendoza's petition for a writ of mandamus is **dismissed** for lack of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).