**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00677-CR

———————————

## IN RE PROPHET RONALD DWAYNE WHITFIELD, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Prophet Ronald Dwayne Whitfield, proceeding *pro se*, has filed a criminal petition[1] for a writ of mandamus relating to his 1992 conviction in his trial

---

[1] The unrelated underlying civil cause numbers listed in relator's petition, Nos. 2015-08974 and 2015-22666, were docketed as appellate cause numbers 01-15-00657-CV and 01-15-00658-CV, respectively. The unrelated underlying criminal cause numbers listed in relator's petition (Nos. 492674, 525468, 528856, and 557164) were assigned to the Fourteenth Court of Appeals (14-15-00659-CR, 14-15-00660-CR, 14-15-00661-CR, and 14-15-00662-CR, respectively).

court cause number 617718.[2]  On August 6, 2015, relator also filed an amended motion for a free mandamus record and a motion to proceed as indigent in this and the several other appellate cause numbers listed in his petition.

Relator seeks mandamus relief to vacate his 1992 conviction for the trial court's alleged failure to render judgment.  However, on direct appeal, this Court affirmed relator's felony conviction for burglary of a building with intent to commit theft, and the Court of Criminal Appeals refused his petition for review. *See Whitfield v. State*, No. 01-92-00617-CR, 1993 WL 322738, at *4 (Tex. App.—Houston [1st Dist.] Aug. 26, 1993, pet. ref'd) (mem. op., not designated for publication).  After our mandate issued on March 9, 1994, the trial court's judgment of conviction became final.

Because relator's petition involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2014); *see also id.* at art. 11.07 § 5 (stating that, "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner.").  "Article 11.07 contains no role for the courts of appeals.  To complain about any action, or inaction, of the convicting court, the

---

[2]  The underlying criminal cause is *The State of Texas v. Ronald Dwayne Whitfield*, Cause No. 617718, in the 174th District Court of Harris County, Texas, the Honorable Ruben Guerrero, currently presiding.

applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we lack jurisdiction to issue the requested writ of mandamus because relator's petition is governed by article 11.07.

Accordingly, we **dismiss** for want of jurisdiction relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Brown.

Do not publish. TEX. R. APP. P. 47.2(b).