**Opinion issued August 25, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00662-CV

_____

## IN RE CLINTON DONALD JOHNS, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator, Clinton Donald Johns, proceeding *pro se* and incarcerated, has filed a petition for a writ of mandamus primarily seeking to compel the respondent trial judge to vacate his order, signed on July 1, 2015, granting the real party in interest William Stephens' motion to dismiss relator's application for a post-conviction writ of habeas corpus or to compel the trial judge to grant habeas relief.[1] On

---

[1]  The underlying trial court case is *Clinton Donald Johns, TDCJ-CID No. 764814 v. William Stephens, Director, Texas Department of Criminal Justice, Correctional*

August 6, 2015, relator also filed an affidavit of indigence for the filing fees in this petition and in his related appeal in No. 01-15-00639-CV, which remains pending.

On direct appeal, this Court affirmed relator's convictions for four counts of felony aggravated robbery in 1998, and the Court of Criminal Appeals refused his petition for review. *See Clifton [sic] Donald Johns, III v. The State of Texas*, Nos. 01-96-01419-CR, 01-96-01420-CR, 01-96-01421-CR, and 01-96-01422-CR, 1998 WL 195950, at *5 (Tex. App.—Houston [1st Dist.] Apr. 16, 1998, pet. ref'd) (op., not designated for publication). After our mandate issued on November 6, 1998, the trial court's judgments of conviction became final.

Because the mandamus relief relator seeks here involves a habeas application in a final post-conviction felony proceeding, it is governed by Article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2014); *see also id.* at art. 11.07, § 5 (stating that, "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner."). "Article 11.07 contains no role for the courts of appeals. To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for*

---

*Institutions Division*, Cause No. 2015-17750, in the 157th District Court of Harris County, Texas, the Honorable Randy Wilson presiding.

*the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). Thus, we lack jurisdiction to issue the requested writ of mandamus because relator's petition is governed by Article 11.07.

Accordingly, we **dismiss** for want of jurisdiction relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a), (d). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Brown.