**Opinion issued November 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-15-00741-CR**

**NO. 01-15-00742-CR**

**NO. 01-15-00743-CR**

**NO. 01-15-00744-CR**

**NO. 01-15-00745-CR**

**NO. 01-15-00746-CR**

**NO. 01-15-00747-CR**

**NO. 01-15-00748-CR**

**NO. 01-15-00749-CR**

**NO. 01-15-00750-CR**

**NO. 01-15-00751-CR**

————————————

**IN RE WILLIAM ANDREW ALLEN, Relator**

---

**Original Proceeding on Petition for Writ of Mandamus**

---

## MEMORANDUM OPINION

Relator, William Andrew Allen, proceeding pro se, has filed a petition for a writ of mandamus relating to his aggravated sexual assault, sexual assault, and indecency with a child convictions.[1]

Relator seeks mandamus relief, arguing that (1) the trial court did not have jurisdiction because when he was indicted on September 8, 2008, the Waller County trial court had already lost jurisdiction to Fayette County on August 30, 2008; (2) he received ineffective assistance at trial because his counsel did not advise him that the trial court had lost jurisdiction; (3) he received ineffective assistance on appeal when his counsel stopped representation before his direct appeal was over; and (4) he was denied due process because the State failed to disclose evidence favorable to his defense.

On direct appeal, this Court affirmed relator's felony convictions for aggravated sexual assault, sexual assault, and indecency with a child, and the Court of Criminal Appeals refused his petition for review. *See Allen v. State*, No. 01–10–00652–CR, 01-10-00653-CR, 01-10-00654-CR, 01-10-00655-CR, 01-10-00656-CR, 01-10-00657-CR, 01-10-00658-CR, 01-10-00659-CR, 01-10-00660-CR, 01-10-00661-CR, 01-10-00662-CR, 2012 WL 2106550 (Tex. App.—Houston [1st Dist.] June 7, 2012, pet. ref'd) (mem. op., not designated for publication). After

---

[1] The underlying case is *Allen v. State*, cause numbers 12976 through 12986, in the 155th District Court of Waller County, Texas, the Hon. Dan R. Beck presiding.

our mandate issued on February 22, 2013, the trial court's judgment of conviction became final.

Because relator's petition involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *see also id*. art. 11.07 § 5 (stating that, "[a]fter conviction the procedure outlined in this Act shall be exclusive and any other proceeding shall be void and of no force and effect in discharging the prisoner"). "Article 11.07 contains no role for the courts of appeals. To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *see Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist*., 910 S.W.2d 481, 483 (Tex. Crim. App. 1995).

Thus, we lack jurisdiction to issue the requested writ of mandamus because relator's petition is governed by article 11.07. Within his mandamus petition, relator includes a writ of habeas corpus. To the extent that relator attempts to file the writ of habeas corpus in this Court, we do not have jurisdiction over relator's article 11.07 request for habeas relief. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a) (West 2015) ("After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."); *Bd.*

*of Pardons & Paroles*, 910 S.W.2d at 483 ("Jurisdiction to grant post conviction habeas corpus relief on a final felony conviction rests exclusively with [the Court of Criminal Appeals]."). Accordingly, we dismiss relator's petition for writ of mandamus for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). We likewise dismiss his writ of habeas corpus for want of jurisdiction.

 

 

Sherry Radack
Chief Justice

 

Panel consists of Chief Justice Radack and Justices Bland and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).