**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed June 2, 2016.**



In The

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

### NO. 14-16-00403-CR

---

### IN RE VINCENT E. BEASLEY, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**228th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1357233**

---

## MEMORANDUM OPINION

On May 16, 2016, relator Vincent E. Beasley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the presiding judge of the 228th District Court of Harris County to dismiss with prejudice the

indictment in relator's sexual-assault conviction because it allegedly constitutes double jeopardy.

Only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. Ann. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Therefore, this court has no mandamus jurisdiction in matters related to petitions for writ of habeas corpus in criminal cases. *See In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07.").

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Frost and Justices McCally and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).