**Petition for Writ of Mandamus Dismissed and Opinion filed November 29, 2016.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-16-00835-CR

---

### IN RE VINCENT E. BEASLEY, Relator

---

### ORIGINAL PROCEEDING
### WRIT OF MANDAMUS
### 228th District Court
### Harris County, Texas
### Trial Court Cause No. 1357233

---

## MEMORANDUM   OPINION

On October 21, 2016, relator Vincent E. Beasley filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Marc Carter, presiding judge of the 228th District Court of Harris County, to grant

a motion to set aside his felony conviction for sexual assault because the trial court allegedly lacked jurisdiction to enter judgment on the conviction.

Because relator's petition involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. Only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. Ann. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex .Crim. App. 1991) (orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See* Tex. Const. art. V, § 5. "We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Accordingly, we dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Busby, Donovan, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).