**Petition for Writ of Mandamus Dismissed and Opinion filed December 15, 2016.**



In The

# Fourteenth Court of Appeals

### NO. 14-16-00950-CR

## IN RE STANLEY EUGENE CLARK, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**122nd District Court**
**Galveston County, Texas**
**Trial Court Cause No. 03CR0841**

## MEMORANDUM OPINION

On November 28, 2016, relator Stanley Eugene Clark filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable John Ellisor, presiding judge of the 122nd District Court of Galveston County, to grant relator's motion to appoint counsel for the preparation and filing of an application for writ of habeas corpus as provided for by Article 11.074 of the Code of Criminal Procedure.

On October 7, 2016, the trial court signed an order denying relator's request to appoint counsel under article 11.074.

Relator's conviction for the felony of aggravated sexual assault of a child was affirmed. *See Clark v. State*, No. 13–05–713–CR, 2006 WL 1844791, at *1 (Tex. App.— Corpus Christi July 6, 2006, pet. ref'd).

Because relator's petition involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. Only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. Ann. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex .Crim. App. 1991) (orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *See* Tex. Const. art. V, § 5. "We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

Accordingly, we dismiss the relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Boyce, Busby, and Wise.
Do Not Publish — Tex. R. App. P. 47.2(b).