# NO. 12-17-00048-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL A. KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Michael Allyn Kennedy filed a petition for writ of mandamus "to correct nunc pro tunc in the indictment." We deny the petition.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

The duty of the trial court is to see that the cases before it proceed in an appropriate fashion. *In re Cash*, No. 06–04–00045–CV, 2004 WL 769473, at *1 (Tex. App.–Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.). In general, however, it does not have a duty to rule on "free-floating motions unrelated to currently pending actions." *Id*. "In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *Id*.

Relator complains that the trial court failed to issue a correct indictment. His request that this Court order the trial court to do so pertains to trial court cause number 29326. However, Relator's conviction has been final for several years, and cause number 29326 is not currently pending in the trial court. *See Kennedy v. State*, No. 12–11–00041–CR, 2012 WL 3201924, at *8 (Tex. App.–Tyler Aug. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment on punishment); *see also Kennedy v. State*, No. 12–08–00246–CR, 2009 WL 4829989, at *3–4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication) (affirming judgment of conviction). Because Relator's motion is not related to a case that is currently pending in the trial court, Relator has not shown that Respondent has a duty to take any action on Relator's request. Consequently, Relator has not established a clear right to mandamus relief.

Moreover, Relator's petition for writ of mandamus is essentially a collateral attack on his conviction. Courts of appeals do not have authority to issue writs of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding).

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we ***deny*** his petition for writ of mandamus.

Opinion delivered February 8, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

FEBRUARY 8, 2017

NO. 12-17-00048-CR

**MICHAEL A. KENNEDY,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael A. Kennedy; who is the relator in Cause No. 29326, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on February 8, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*