# NO. 12-17-00067-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

*MEMORANDUM OPINION*
*PER CURIAM*

Relator, Michael Kennedy, has filed this original proceeding, in which he presents various complaints related to his criminal conviction. We deny the petition.

## PREREQUISITES TO MANDAMUS

To obtain mandamus relief in a criminal case, the relator must show that he does not have an adequate remedy at law and the act he seeks to compel is ministerial (not involving a discretionary or judicial decision). *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). If the relator fails to satisfy either prong of this test, mandamus relief should be denied. *Id*.

## AVAILABILITY OF MANDAMUS

Relator raises various complaints regarding his criminal conviction in trial court cause number 29326, including challenges to the sufficiency of the evidence, the indictment, and the trial court's jurisdiction. However, Relator's conviction has been final for several years, and cause number 29326 is not currently pending in the trial court. *See Kennedy v. State*, No. 12–11–00041–CR, 2012 WL 3201924, at *8 (Tex. App.–Tyler Aug. 8, 2012, pet. ref'd) (mem. op., not designated for publication) (affirming judgment on punishment); *see also Kennedy v. State*, No. 12–08–00246–CR, 2009 WL 4829989, at *3–4 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication) (affirming judgment of conviction).

Respondent has no duty to act on any requests that are not related to a case that is currently pending in the trial court. Consequently, Relator has not established a clear right to mandamus relief.

Moreover, Relator's petition for writ of mandamus is essentially a collateral attack on his conviction. This Court does not have authority to issue writs of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also In re Briscoe*, 230 S.W.3d 196, 196-97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding); *In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding).

## DISPOSITION

Because Relator has not shown that he is entitled to mandamus relief, we *deny* his petition for writ of mandamus.

Opinion delivered March 1, 2017.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

MARCH 1, 2017

NO. 12-17-00067-CR

**MICHAEL KENNEDY,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael Kennedy; who is the relator in Cause No. 29326, pending on the docket of the 3rd Judicial District Court of Anderson County, Texas. Said petition for writ of mandamus having been filed herein on February 28, 2017, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*