# NO. 12-18-00171-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *GAYNEAL RAY BAKER,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

### MEMORANDUM OPINION
### PER CURIAM

Gayneal Ray Baker, acting pro se, filed this original proceeding in which he complains of Respondent's failure to file findings of fact and conclusions of law and failure to modify or reform the judgment to reflect the plea agreement as requested in Relator's motion for judgment nunc pro tunc.[1]  According to Relator's motion, he was indicted in 1993 for aggravated assault with a deadly weapon and possession of a weapon in a penal institution, but in January 1995, he accepted the State's plea offer of fifteen years for a plea to possession of a weapon in a penal institution.   He contends that the judgment fails to correctly reflect the plea agreement. Respondent has apparently not ruled on Relator's motion.  Attached to Relator's petition is (1) a March 12, 2018 letter to the Houston County District Clerk, which is file marked March 16, requesting that the District Clerk file his motion for nunc pro tunc, (2) a June 2 letter to the District Clerk that appears to request an update on his motion, and (3) a March 12 motion for nunc pro tunc that is not file marked.

Assuming that the correct offense is possession of a deadly weapon in a penal institution, that offense is a felony, as is aggravated assault.  *See* TEX. PENAL CODE ANN. §§ 22.02(b), 46.10(d) (West 2011).  Article 11.07 is the exclusive procedure available to an applicant seeking relief from a felony judgment imposing a penalty other than death.  *See* TEX. CODE CRIM. PROC.

---

[1] Respondent is the Honorable Mark A. Calhoon, Judge of the 3rd District Court in Houston County, Texas. The State of Texas is the Real Party in Interest.

ANN. art. 11.07 §§ 1, 5 (West 2005). Courts of appeals do not have authority to issue writs of mandamus regarding complaints that may only be raised by a post-conviction habeas corpus proceeding. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Accordingly, we *dismiss* Relator's petition for writ of mandamus for *want of jurisdiction*.

Opinion delivered July 18, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

JULY 18, 2018

NO. 12-18-00171-CR

**GAYNEAL RAY BAKER,**
Relator
V.

**HON. MARK A. CALHOON,**
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Gayneal Ray Baker; who is the relator in Cause No. 14,554-CR, pending on the docket of the 3rd Judicial District Court of Houston County, Texas. Said petition for writ of mandamus having been filed herein on June 29, 2018, and the same having been duly considered, because it is the opinion of this Court that it lacks jurisdiction, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **dismissed for want of jurisdiction**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*