**Opinion issued November 27, 2018.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00881-CR

———————————

## IN RE SAMUEL ROY JACKSON, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, Samuel Roy Jackson, incarcerated and proceeding pro se, has filed a petition for a writ of mandamus, seeking issuance of a writ of mandamus directing respondent, the Honorable Vanessa Velasquez, to vacate his "void judgment [of] conviction."[1] We dismiss the petition for want of jurisdiction.

---

[1] The underlying case is *The State of Texas v. Samuel Roy Jackson*, cause number 913043, pending in the 183rd District Court of Harris County, Texas, the Honorable Vanessa Velasquez presiding.

1

In October 2004, a jury found appellant guilty of the felony offense of aggravated robbery with a deadly weapon and assessed his punishment at confinement for thirty-five years. *See Jackson v. State*, No. 01-04-01137, 2005 WL 3072018 (Tex. App.—Houston [1st Dist.] Nov. 17, 2005, pet. withdrawn) (mem. op., not designated for publication). Relator's mandamus petition is a collateral attack on a final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2015). Article 11.07 provides the exclusive means to challenge the conviction. *See id.*; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). And, although "the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."). Accordingly, we do not have jurisdiction over relator's mandamus petition.

We dismiss the petition for want of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).