**Petition for Writ of Mandamus Dismissed and Opinion filed May 25, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00181-CR**
**NO. 14-21-00182-CR**

---

**IN RE PAUL A. CRAYTON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**212th District Court**
**Galveston County, Texas**
**Trial Court Cause Nos. 11CR2593, 11CR2594**

---

## MEMORANDUM OPINION

On Friday, April 2, 2021, relator Paul A. Crayton filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In his petition, relator requests that this court reverse the judgment of the trial court, overturn appellant's conviction, and enter a judgment of acquittal.

Only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. Tex. Code Crim. Proc. art. 11.07; *Padieu v. Court of Appeals*

*of Tex., Fifth Dist.*, 392  S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eight Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Therefore, this court has no mandamus jurisdiction in matters related to petitions for writ of habeas corpus in criminal cases. *See In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("We have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07.").

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).

2