**Opinion issued September 16, 2021**



In The

# Court of Appeals

### For The

## First District of Texas

_____

### NO. 01-21-00337-CR
_____

### IN RE JOSEPH JEREMY MILLER, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In 2002, a jury found relator, Joseph Jeremy Miller, guilty of the felony offense of aggravated sexual assault of a child[1] and assessed his punishment at confinement for fifty years and a fine of $10,000.[2]  Appellant appealed the

---

[1]  *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (2)(B).

[2]  The underlying case is *State of Texas v. Joseph Jeremy Miller*, Cause No. 917141, pending in the 248th District Court of Harris County, Texas, the Honorable Hilary Unger presiding.

conviction, and the Thirteenth Court of Appeals affirmed the conviction on August 12, 2004.[3]

Relator, incarcerated and acting pro se, has filed a petition for writ of mandamus "seeking an investigation into [his] case as a whole" and asking this Court to "read the [f]acts of [his] case and be open minded in it . . . ." Relator states that he has filed the mandamus petition pursuant to Texas Code of Criminal Procedure article 11.07, section 3(c).[4]

Relator's mandamus petition is a collateral attack on his final felony conviction and, as such, "fall[s] within the scope of a post-conviction writ of habeas corpus under" Texas Code of Criminal Procedure article 11.07. *See, e.g.*, *In re Jones,* No. 01-20-00558-CR, 2020 WL 4758431, *1 (Tex. App.—Houston [1st Dist.] Aug. 18, 2020, orig. proceeding) (mem. op., not designated for

---

[3] *See Miller v. State*, No. 13-03-042-CR, 2004 WL 1834410 (Tex. App.—Corpus Christi–Edinburg Aug. 12, 2004, pet. ref'd) (mem. op., not designated for publication). Pursuant to its docket equalization authority, the Supreme Court of Texas transferred the appellant's appeal to the Thirteenth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (authorizing transfer of cases); *see also* TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court . . . .").

[4] Texas Code of Criminal Procedure article 11.07 pertains to an application for a writ of habeas corpus "in which the applicant seeks relief from a felony judgment imposing a penalty other than death." *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 1. "After final conviction in any felony case, the writ must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas." *Id.* § 3(a). Section 3(c) addresses the duty of the convicting court "to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement." *Id.* § 3(c).

2

publication); *see also* TEX. CODE CRIM. PROC. ANN. art. 11.07. "It is well established that only the Court of Criminal Appeals possesses the authority to grant relief in a post-conviction habeas corpus proceeding where there is a final felony conviction." *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (internal quotations omitted). Thus, we do not have jurisdiction over relator's mandamus petition. *See In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("[W]hile the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings.").

We dismiss the petition for lack of jurisdiction. All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Goodman, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).