**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed December 6, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-22-00693-CR

---

## IN RE TODD W. ALTSCHUL, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 23,557-XY**

---

## MEMORANDUM OPINION

On September 26, 2022, relator Todd W. Altschul filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Justin R. Gilbert, presiding judge of the 412th District Court of Brazoria County, to issue the writ of habeas corpus and rule on the merits of his application for writ of habeas corpus.

Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive means to challenge a final felony conviction. Tex. Code Crim. Proc. art. 11.07; *Bd. of Pardons & Paroles ex rel. Keene v. Ct. of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995). The Texas Criminal Court of Appeals has exclusive jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Intermediate appellate courts do not have jurisdiction over post-conviction writs of habeas corpus in felony cases. Tex. Code Crim. Proc. art. 11.07; *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). To complain about any action or inaction of the convicting court, relator may seek mandamus relief from the Texas Court of Criminal Appeals. *See Briscoe*, 230 S.W.3d at 196–97.

Relator seeks post-conviction habeas relief from the trial court that entered a judgment of conviction on a felony charge. In his mandamus petition in our court, relator complains that the convicting trial court has not timely issued the writ or ruled on the application for the writ. We lack jurisdiction over relator's request. Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Jewell and Poissant.
Do Not Publish — Tex. R. App. P. 47.2(b).