**DISMISSED and Opinion Filed May 11, 2023**



In the
Court of Appeals
Fifth District of Texas at Dallas

No. 05-23-00391-CV

**IN RE EDMUNDO VAZQUEZ SAENZ, Relator**

**Original Proceeding from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F01-36890**

# MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relator's April 28, 2023 petition for writ of mandamus. In 2002, relator was convicted of possession with intent to deliver a controlled substance and sentenced to fifty years' imprisonment. *See Ex Parte Saenz*, No. WR-58,536-03, 2012 WL 566642, at *1 (Tex. Crim. App. Feb. 22, 2012) (order). Relator contends that his sentence is void and the trial court has failed to grant a new trial or rule on a "Motion Nunc Pro Tunc Order."

Intermediate courts of appeals have limited writ jurisdiction in criminal matters. *See* Tex. Gov't Code § 22.221. The Texas Court of Criminal Appeals, however, has jurisdiction in final post-conviction habeas corpus proceedings. *See*

TEX. CODE CRIM. PROC. art. 11.07; *In re Lott*, No. 05-18-01405-CV, 2018 WL 6187668, at *1 (Tex. App.—Dallas Nov. 27, 2018, orig. proceeding) (mem. op.). "Article 11.07 contains no role for the courts of appeals; the only courts referred to are the convicting court and the Court of Criminal Appeals." *Lott*, 2018 WL 6187668, at *1 (citation omitted); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding) (by granting writ of mandamus to vacate judgment of conviction, court of appeals usurped exclusive authority of Texas Court of Criminal Appeals to grant post-conviction relief); *In re Nickerson*, No. 05-13-01692-CV, 2013 WL 6596878, at *1 (Tex. App.—Dallas Dec. 16, 2013, orig. proceeding) (mem. op.) (no writ jurisdiction to order trial court to rule on petition for writ of habeas corpus in post-conviction felony proceeding).

Here, relator complains of the alleged inaction of the trial court in relation to his post-conviction motion wherein he substantively seeks relief under article 11.07. *See Ex Parte Carmona*, 185 S.W.3d 492, 494–95 (Tex. Crim. App. 2006) (applicant's claim is cognizable in post-conviction habeas proceedings if there is a jurisdictional defect in the trial court that renders the judgment void or if there is a denial of fundamental or constitutional rights). This Court lacks jurisdiction over such matters. *See Lott*, 2019 WL 6187668, at *1; *In re Brown*, No. 05-14-00622-CV, 2014 WL 2211437, at *1 (Tex. App.—Dallas May 27, 2014, orig. proceeding) (mem. op.); *In re Brisco*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Accordingly, we dismiss this proceeding for want of jurisdiction.

Also before the Court is relator's April 28, 2023 motion requesting leave to file his petition for writ of mandamus. This motion is not necessary to commence an original proceeding. *See* TEX. R. APP. P. 52.1. Thus, we deny the motion as moot.

230391f.p05

/Cory L. Carlyle//
CORY L. CARLYLE
JUSTICE