**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed May 23, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00255-CR

---

### IN RE WILLIAM SOLOMON LEWIS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**185th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1652421**

---

## MEMORANDUM OPINION

On April 13, 2023, relator William Solomon Lewis filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Andrea Beall,

presiding judge of the 185th District Court of Harris County, to (1) issue the writ of habeas corpus; (2) bring relator before the court; and (3) hold an evidentiary hearing on his application for writ of habeas corpus.

Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive means to challenge a final felony conviction. *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (orig. proceeding). Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Tex. Code Crim. Proc. art. 11.07; *Keene*, 910 S.W.2d at 483. Instead, jurisdiction to grant post-conviction habeas corpus relief on a final felony conviction rests exclusively with the Texas Court of Criminal Appeals. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals. *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). We do not have jurisdiction over relator's requests.

Accordingly, we dismiss relator's petition for lack of jurisdiction.

PER CURIAM

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.
Do Not Publish — Tex. R. App. P. 47.2(b).