

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00029-CR

---

Ex parte Raymond Earl Carr

---

On Appeal from the 496th District Court
Harris County, Texas
Trial Court No. 1882273-B

---

## MEMORANDUM OPINION

Appellant, Raymond Earl Carr, appeals "from the final judgment or order dismissing his [Article] 11.07 writ of habeas corpus for non-compliance with Tex. R. App. Pro. 73.1."[1]

Article 11.07 "establishes the procedures for an application for writ of habeas corpus in which the applicant seeks relief from a felony judgment imposing a penalty other than death." Tex.

---

[1] Although the convicting court in this case is in Harris County, which is in both the First Court of Appeals' district and the Fourteenth Court of Appeals' district, Carr filed his notice of appeal in the Third Court of Appeals. It appears that Carr filed his notice of appeal in the Third Court of Appeals because he is attempting to appeal from a decision of the Court of Criminal Appeals, which sits in Travis County, and Travis County is within the Third Court of Appeals' district. The case was subsequently transferred to this Court pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. Because we conclude that no intermediate court of appeals has jurisdiction over this appeal and this appeal would not be properly filed in any intermediate appellate court, we decline to determine whether this appeal is properly pending in this Court or should be transferred to either the First or Fourteenth Courts of Appeals. *See* Tex. Gov't Code §§ 22.201, 73.002(a) ("The court of appeals to which a case is transferred has jurisdiction of the case without regard to the district in which the case originally was tried and to which it is returnable on appeal.").

Code Crim. Proc. Ann. art. 11.07, § 1. Under Article 11.07, only the court in which the habeas applicant was convicted and the Court of Criminal Appeals have jurisdiction to consider and act on a habeas application seeking relief from a final conviction in a felony case, and only the Court of Criminal Appeals has jurisdiction to ultimately rule on the application. *See* Tex. Code Crim. Proc. Ann. art. 11.07, §§ 3, 5; *Ex parte Kendrick*, No. 04-24-00051-CR, 2024 WL 2947743, at *1 (Tex. App.—June 12, 2024, pet. ref'd) (mem. op., not designated for publication). "Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) (per curiam); *see Kendrick*, 2024 WL 2947743, at *1 ("[T]here is no role for the intermediate courts of appeals in the statutory scheme."). Moreover, "we do not have authority to review the Court of Criminal Appeals' rulings." *Poledore v. State*, Nos. 01-14-01001-CR, 01-14-01002-CR, 01-14-01003-CR, 2015 WL 967611, at *2 (Tex. App.—Houston [1st Dist.] March 3, 2015, no pet.) (mem. op., not designated for publication) (per curiam) (citing Tex. Const. art. V, § 5(a)).

Here, Carr seeks to appeal from the dismissal of his application for writ of habeas corpus filed under Article 11.07. On February 25, 2026, the Clerk of this Court notified Carr that it appeared that this Court lacked jurisdiction over this appeal and that the appeal may be dismissed unless Carr filed a response establishing that this Court has jurisdiction. Although Carr filed a response to the notice, the response does not establish that we have jurisdiction over this appeal.

We dismiss this appeal for want of jurisdiction. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

March 30, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

2