**Opinion issued December 20, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00878-CR

———————————

## IN RE ANDREW GONZALES, Relator

———————————————————————————————

## Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————

## MEMORANDUM OPINION

In 2005, relator Andrew Gonzales pleaded guilty to the felony offense of aggravated robbery and, in accordance with his plea agreement with the State, was sentenced to 30 years' imprisonment.[1] On November 7, 2016, Gonzales filed a petition for writ of mandamus with our Court requesting that we either (1) compel

---

[1] The underlying case is *State of Texas v. Andrew Gonzales*, cause number 970811, in the 176th District Court of Harris County, Texas, the Honorable Stacy W. Bond presiding.

the trial court and the Harris County District Attorney to "fulfill promise made as part of the plea bargain agreement" by including certain extraneous offenses as part of his 30-year sentence or (2) allow Gonzales to withdraw his plea. Gonzales's petition notes that he has previously filed a post-conviction application for writ of habeas corpus. We dismiss the petition for lack of jurisdiction.

Because Gonzales's petition for writ of mandamus involves a final post-conviction felony proceeding, it is governed by Article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07. Only the Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings. TEX. CODE CRIM. PROC. art. 11.07 § 3; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex .Crim. App. 1991) (orig. proceeding). "To complain about any action, or inaction, of the convicting court, the applicant may seek mandamus relief from the Court of Criminal Appeals." *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Our Court, however, has no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under article 11.07. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *Briscoe*, 230 S.W.3d at 196–97.

Accordingly, we dismiss the petition for writ of mandamus for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Jennings and Bland.

Do not publish. TEX. R. APP. P. 47.2(b).