**Opinion issued April 25, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-17-00058-CR

———————————

## IN RE NKRUMAH LAMUMBA VALIER, Relator

———————————————————————————————

## Original Proceeding on Petition for Writ of Mandamus

———————————————————————————————

### MEMORANDUM OPINION

Relator, Nkrumah Lamumba Valier, incarcerated and proceeding pro se, has filed a petition for a writ of mandamus.[1] Relator seeks issuance of a writ to compel respondent, the Honorable Jan Krocker, to rule on a post-conviction motion to void his felony conviction for sexual assault.

---

[1] The underlying case is *The State of Texas v. Nkrumah Lamumba Valier*, Cause No. 1030025, in the 184th District Court of Harris County, the Honorable Jan Krocker presiding.

Relator's petition reflects that he seeks relief from a final felony conviction. Because his petition involves a final post-conviction felony proceeding, article 11.07 of the Texas Code of Criminal Procedure governs and provides the exclusive means to challenge the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2015); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (citations omitted); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (citation omitted). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction proceedings. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) (citation omitted); *see In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals."). Accordingly, we do not have jurisdiction over relator's mandamus petition.

We dismiss the petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Jennings, Higley, and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).