**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 16, 2019.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00374-CR

## IN RE JOHN WESLEY HAMILTON PROVOST, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1061991**

## MEMORANDUM OPINION

On May 7, 2019, relator John Wesley Hamilton Provost filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (Supp.); *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Randy Roll, presiding judge of the 179th District Court of Harris County, to respond to: (1) a letter from relator to the clerk dated March 24, 2019 and (2) an undated motion for appointment of counsel.

In 2010, our court issued an opinion affirming relator's conviction for

aggravated robbery. *See Hamilton v. State,* No. 14-08-00175-CR, 2010 WL 307884, at *1 (Tex. App.—Houston [14th Dist.] Jan. 28, 2010, no pet.) (mem. op., not designated for publication).

If relator's petition pertains to a pending post-conviction application for writ of habeas corpus regarding the capital-murder conviction, our court lacks jurisdiction of his petition. Courts of appeals generally have no jurisdiction over post-conviction writs of habeas corpus in felony cases or orders entered in such proceedings. *See* Tex. Code Crim. Proc. Ann. art. 11.07; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013); *Board of Pardons and Paroles ex. rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S. W.2d 481, 483 (Tex. Crim. App. 1995); *In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.— Houston [14th Dist.] 2006, orig. proceeding). To complain about any action, or inaction, of the convicting court, the applicant may seek relief from the Court of Criminal Appeals. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5; *In re Ortiz*, No. 14-19-00153-CR, 2019 WL 1030563, at *1 (Tex. App.—Houston [14th Dist.] Mar. 5, 2019, orig. proceeding) (mem. op., not designated for publication).

In any event, relator is not entitled to mandamus relief because he has not complied with the requirements of Rule 52.3(a), (b), (c), (d), (f), (g), and (j) and Rule 52.7 of the Texas Rules of Appellate Procedure governing original proceedings.

We therefore deny relator's petition for writ of mandamus.


PER CURIAM

Panel consists of Justices Christopher, Bourliot, and Zimmerer.
Do Not Publish — Tex. R. App. P. 47.2(b).