**Opinion issued February 25, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-20-00099-CR**

**NO. 01-20-00100-CR**

_____

**IN RE ALI MAYBERRY, Relator**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1497306 & 1497307**

## MEMORANDUM OPINION

On September 6, 2016, relator, Ali Mayberry, was convicted of aggravated sexual assault and sentenced to 40 years in prison (trial court cause number 1497306 & 1497307). Appellant appealed his conviction and we issued an opinion affirming the conviction on December 21, 2017. *See Mayberry v. State*, Nos. 01-

16-00743-CR & 01-16-00744-CR, 2017 WL 6523921, at *5 (Tex. App.—Houston [1st Dist.] Dec. 21, 2017, pet. ref'd) (mem. op., not designated for publication). The Court of Criminal Appeals refused appellant's petition for discretionary review on April 11, 2018 and our mandate issued on May 18, 2018.

On January 30, 2020, relator filed a petition for writ of mandamus, arguing that the respondent should order the court reporter to prepare a copy of the trial proceedings below and that we should order "the respondent to correct her arbitrary ruling and rule according to the law and order the trial court to provide the relator with a new trial."

Relator's mandamus petition is a collateral attack on a final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07. Article 11.07 provides the exclusive means to challenge the conviction. *See id.*; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013). Although "the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings." *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts

2

of appeals.").  Accordingly, we do not have jurisdiction over relator's mandamus petition.

We dismiss the petition for want of jurisdiction.  We overrule any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Keyes and Hightower.

Do not publish. TEX. R. APP. P. 47.2(b).