**Opinion issued April 7, 2020**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-20-00202-CR**
_____

**IN RE ANDRE JONES, Relator**

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 917355**

## MEMORANDUM OPINION

On August 7, 2003, relator, Andre Jones, was convicted of aggravated

sexual assault and sentenced to 45 years in prison (trial court cause number

917355).[1]  Appellant appealed his conviction and we issued an opinion affirming the conviction on January 27, 2005.  *See Jones v. State*, No. 01-03-00828-CR, 2005 WL 174484, at *5 (Tex. App.—Houston [1st Dist.] Jan. 27, 2005, no pet.) (mem. op., not designated for publication).  Our mandate issued on June 15, 2005.

On March 5, 2020, relator filed a petition for writ of mandamus, arguing that this Court should order the respondent to release him from an extraordinary restraint.

Relator's mandamus petition is a collateral attack on a final felony conviction and, therefore, falls within the scope of a post-conviction writ of habeas corpus under article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. art. 11.07.  Article 11.07 provides the exclusive means to challenge the conviction.  *See id.*; *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013).  Although "the courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings."  *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding); *see also In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts

---

[1]  The underlying case is *State of Texas v. Andre Jones*, cause number 917355, pending in the 182nd District Court of Harris County, Texas, the Honorable Danilo Lacayo, presiding.

of appeals."). Accordingly, we do not have jurisdiction over relator's mandamus petition.

We dismiss the petition for want of jurisdiction. We overrule any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).