**Opinion issued December 15, 2022**



In The

# Court of Appeals

### For The

# First District of Texas

_____

## NO. 01-22-00876-CR

_____

## IN RE NKRUMAH LAMUMBA VALIER, Relator

## Original Proceeding on Petition for Writ of Mandamus

Relator, Nkrumah Lamumba Valier, incarcerated and proceeding pro se, has filed a petition for a writ of mandamus.[1] Relator seeks issuance of a writ to compel respondent, the Honorable Abigail Anastasio, to rule on a post-conviction motion seeking an out-of-time appeal.

---

[1] The underlying conviction was in *The State of Texas v. Nkrumah Lamumba Valier*, Cause No. 1030025, in the 184th District Court of Harris County, the Honorable Jan Krocker presiding. According to his petition, relator's post-conviction motion was filed in the same court with the Honorable Abigail Anastasio presiding.

Relator's petition reflects that he seeks relief from a final felony conviction. Because his petition involves a final post-conviction felony proceeding, article 11.07 of the Texas Code of Criminal Procedure governs and provides the exclusive means to challenge the conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon 2015); *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (citations omitted); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) (citation omitted). Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction proceedings. *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.— Houston [1st Dist.] 2001, orig. proceeding) (citation omitted); *see In re Briscoe*, 230 S.W.3d 196, 196–97 (Tex. App.–Houston [14th Dist.] 2006, orig. proceeding) ("Article 11.07 contains no role for the courts of appeals.") In such cases, a petitioner files an application for writ of habeas corpus with the clerk of the court in which the conviction being challenged was obtained, and the clerk shall assign the application to that court. *See* TEX. CODE CRIM. P. art. 11.07, sec. 3(b). When the application is received by that court, a writ of habeas corpus, returnable to the Court of Criminal Appeals, shall issue by operation of law. *Id.*

Accordingly, we do not have jurisdiction over relator's mandamus petition, and we dismiss the petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Countiss and Rivas-Molloy.

Do not publish. TEX. R. APP. P. 47.2(b).