**Opinion issued April 17, 2025**



In The

# Court of Appeals

**For The**

# First District of Texas

————————————

**NOS. 01-25-00255-CR**
**01-25-00256-CR**

————————————

**IN RE BRIAN O'KEITH TATUM, Relator**

---

**Original Proceeding on Petition for Writ of Prohibition**

---

**MEMORANDUM OPINION**[1]

Relator Brian O'Keith Tatum has filed a "Writ of Prohibition and Stay of

Mandate Pending Review," complaining about the State's "non-compliance to

---

[1] The underlying cases are *Brian Tatum v. State*, Nos. 01-23-00091-CR, 01-23-00092-CR, 2024 WL 86511 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. ref'd). This Court affirmed Relator's convictions in 2024, and the Texas Court of Criminal Appeals refused Tatum's request for discretionary review the same year. *See id*.

article 11.07" and arguing that "the criminal trial [should be] remanded for transparency and accuracy."

Relator's convictions are final, and the Texas Court of Criminal Appeals has refused his petition for review. *See Tatum v State*, Nos. 01-23-00091-CR & 01-23-00092-CR, 2024 WL 86511 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. ref'd). Thus, any relief related to relator's convictions can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted).

Accordingly, we dismiss Tatum's petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).