**Opinion issued August 28, 2025**



In The

# Court of Appeals

**For The**

# First District of Texas

————————————

## NOS. 01-25-00634-CR

————————————

## IN RE BRIAN O'KEITH TATUM, Relator

———————————————————————————————————

### Original Proceeding on Petition for Writ of Prohibition

———————————————————————————————————

### MEMORANDUM OPINION[1]

---

[1] The underlying criminal cases are *Brian Tatum v. State*, Nos. 01-23-00091-CR, 01-23-00092-CR, 2024 WL 86511 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. ref'd) (mem. op., not designated for publication). This Court affirmed relator's convictions in 2024, and the Texas Court of Criminal Appeals refused Tatum's request for discretionary review the same year. *See id.* The underlying civil case is *David Salazar v. Brian O'Keith Tatum*, cause number 2020-83770, which was decided in the 11th District Court of Harris County, Texas, on July 15, 2025, when the plaintiff non-suited relator with prejudice. No appeal is pending in any of relator's cases.

Relator Brian O'Keith Tatum has filed a petition for writ of mandamus, requesting that we compel the Harris County District Clerk "to entertain relator's special appearance matters[]" in two criminal cases and one civil case.

Regarding relator's criminal cases, his convictions are final, and the Texas Court of Criminal Appeals has refused his petition for review. *See Tatum v State*, Nos. 01-23-00091-CR & 01-23-00092-CR, 2024 WL 86511 (Tex. App.—Houston [1st Dist.] Jan. 9, 2024, pet. ref'd) (mem. op., not designated for publication). Thus, any relief related to relator's convictions can only be granted by a post-conviction writ of habeas corpus. Only the Texas Court of Criminal Appeals has jurisdiction in final post-conviction felony proceedings, which are governed by Article 11.07 of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 11.07; *Olivo v. State*, 918 S.W.2d 519, 525 n. 8 (Tex. Crim. App. 1996); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for Eighth Dist.*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding). "Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. Article 11.07 contains no role for the courts of appeals." *In re Briscoe*, 230 S.W.3d 196, 196 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding) (internal citations omitted).

Regarding relator's civil case, this Court's mandamus jurisdiction is governed by Section 22.221 of the Texas Government Code. *See* TEX. GOV'T CODE § 22.221.

2

Section 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to (1) writs against a judge of a district or county court in the court of appeals' district, (2) writs against a district judge acting as magistrate in a court of inquiry in the court of appeals' district or an associate judge of a district court appointed pursuant to the Family Code in the court of appeals' district, and (3) writs necessary to enforce the court of appeals' jurisdiction. *Id*. We have no authority to issue a writ of mandamus against a district clerk unless it is necessary to enforce our jurisdiction. *See In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding) (per curiam) (holding that court of appeals has no jurisdiction to issue writ of mandamus against district clerk unless necessary to enforce its jurisdiction). There is no appeal that would necessitate mandamus relief to protect our jurisdiction.

Accordingly, we dismiss Tatum's petition for lack of jurisdiction.

**PER CURIAM**

Panel consists of Justices Guerra, Gunn, and Dokupil.

Do not publish. TEX. R. APP. P. 47.2(b).